CANADY, J.,
dissenting.
Although I agree that the Court has jurisdiction to consider this case, I disagree with the majority’s conclusion that the decision on review-DK Arena, Inc. v. EB Acquisitions I, LLC, 31 So.3d 313 (Fla. 4th DCA 2010) — is in express and direct conflict with Tanenbaum v. Biscayne Osteopathic Hospital, Inc., 190 So.2d 777 (Fla.1966). In DK Arena, the question involved the enforceability of an oral agree *100 ment to “hold in abeyance” a requirement of an existing written contract. See DK Arena, 31 So.3d at 319. Tanenbaum is distinguishable because it involved an attempt to establish the enforceability of a contract made orally but which was required by the statute of frauds to be made in writing. See Tanenbaum, 190 So.2d at 779. I would instead exercise jurisdiction based on conflict with Bradley v. Sanchez, 943 So.2d 218, 222 (Fla. 3d DCA 2006), which held that an oral waiver regarding the timely performance of a contract requirement was invalid because “the statute of frauds prohibits the oral modification of a contract for the sale of land under the doctrine of promissory estoppel.”
On the merits, I agree with the analysis employed by the Fourth District Court. Support for the approach adopted by the district court is found in Williston on Contracts, which contains the following pertinent discussion:
It is well settled that a party to a written contract may orally, or by implication from conduct, waive performance of a contract term or condition inserted in the contract for his or her benefit, and the waiver does not require a writing. While parol evidence is not admissible to modify or alter a written contract by the addition of new terms or the introduction of new elements, a party for whose benefit a provision has been inserted into a contract may waive an existing term and the waiver may be shown by parol. This doctrine applies equally where the underlying contract is required to be in writing under the Statute of Frauds; in other words, the Statute of Frauds does not operate to prevent a party from unilaterally waiving rights under a contract required by the Statute to be in writing.
In this regard, the Restatement (Second) of Contracts, following the lead of the Uniform Commercial Code, provides that where the parties to an enforceable contract subsequently agree that all or part of a duty need not be performed or that all or part of a condition need not occur, the Statute of Frauds does not prevent enforcement of the subsequent agreement if reinstatement of the original terms would be unjust in view of a material change of position in reliance on the subsequent agreement. The comments to this provision of the Restatement explains this in terms of waiver or estoppel:
Where a contract is modified by subsequent agreement and the contract as modified is within a provision of the Statute of Frauds, the modified contract is unenforceable unless the Statute is satisfied. In such a case, if the original contract was enforceable it is not rescinded or modified but remains enforceable.... But the unenforceable modification may operate as a waiver.... To the extent that the waiver is acted on before it is revoked, it excuses the other party from performance of his own duty and of conditions of the duty of the waiving party-
Likewise, where a party has failed to perform a condition precedent because of an oral agreement between the parties indicating that the condition need not occur, or agreeing to other terms, the nonperforming party is nevertheless able to enforce the written contract due to waiver of the condition; or, stated somewhat differently, the other party would be estopped to assert the nonperformance as a defense. But the original duty which was waived by parol may be reinstated with reasonable notice and an opportunity to comply, while a subsequent agreement that is itself enforceable as a modification (that is, a written *101 subsequent agreement) would not be subject to retraction.
13 Richard A. Lord, Williston on Contracts § 39:26 (4th ed. 2000) (footnotes omitted) (alterations in original).
I would disapprove the Third District’s holding in Bradley on the conflict issue and approve the decision on review. I therefore dissent.